IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| DAVID EARL WATTS,<br><br>        Petitioner,<br><br>   v.<br><br>WARDEN DAVID ORTIZ,<br><br>        Respondent. | HONORABLE JEROME B. SIMANDLE<br><br>Civil Action<br>No. 18-12378 (JBS)<br><br>**OPINION** |

APPEARANCES:

David Earl Watts, Petitioner pro se
#16258-171
FCI Fort Dix
Inmate Mail/Parcels
East: P.O. Box 2000
Fort Dix, NJ 08640

**SIMANDLE, U.S. District Judge:**

**I.   INTRODUCTION**

David Earl Watts, a federal prisoner confined at FCI Fort Dix, New Jersey, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [Docket Entry 3]. For the reasons expressed below, this Court will dismiss the petition for lack of jurisdiction.

**II.  BACKGROUND**

Following a jury trial, Petitioner was sentenced in the United States District Court for the District of South Carolina on February 5, 2010 to a custodial term of 360 months for

conspiracy to distribute narcotics, 21 U.S.C. § 846. [Docket Entry 3 at 16; *United States v. Watts*, No. 4:08-cr-00372 (D.S.C. Mar. 10, 2010)]. The United States Court of Appeals for the Fourth Circuit affirmed the convictions and sentence on appeal. *United States v. Watts*, 453 F. App'x 309 (4th Cir. 2011).[1]

Petitioner filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 in May 2014, alleging trial counsel "fail[ed] to inform Watts of the existence of the 'Proffer Statement of Watts's codefendant and to hand it offer [sic] to Watts.'" [Docket Entry 3 at 19]. The § 2255 motion was denied by the sentencing court. Order Denying § 2255 Motion, *Watts*, No. 4:08-cr-00372 (May 5, 2014 Docket Entry 998).

Petitioner subsequently filed the instant petition under 28 U.S.C. § 2241 challenging the validity of his conviction. [Docket Entry 3].[2] He raises four grounds for relief: (1) ineffective assistance of counsel based on the district court's finding that "Watts was culpable for 6.3 kilograms of Meth by the mere preponderance of the evidence, using the unlawful proffer. . ."; (2) ineffective assistance of counsel based on

---

[1] The Court takes judicial notice of these public records.
[2] On July 9, 2018, the Clerk's Office received a check for $5.00 but did not receive an accompanying petition for writ of habeas corpus. The Clerk assigned a miscellaneous number, 18-mc-51, and provided Petitioner with a blank form for filing a § 2241 petition. [*See* Letter from Deputy Clerk Marcy Plye, Docket Entry 1-1]. The petition was received shortly thereafter. [Docket Entry 3].

2

the district court's finding that "Watts was the leader & or organizer by the mere preponderance of the evidence low standard of proof & deeming this substantial enhancement as a 'Sentencing Factors' when in actuality it is a 'element of a crime'"; (3) ineffective assistance of counsel based on the government's failure to turn over Petitioner's co-defendant's proffer statement; and (4) ineffective assistance of counsel based on the government's "constructive amendment" of the indictment without returning to the grand jury. [Docket Entry 3 at 21-23].

This matter is now ripe for disposition.

### III. STANDARD OF REVIEW

Petitioner brings this petition as a pro se litigant. The Court has an obligation to liberally construe pro se pleadings and to hold them to less stringent standards than more formal pleadings drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Higgs v. Attorney Gen. of the U.S.*, 655 F.3d 333, 339 (3d Cir. 2011), *as amended* (Sept. 19, 2011) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance. *See Royce v. Hahn*, 151 F.3d 116, 118 (3d Cir. 1998); *Lewis v. Attorney Gen.*, 878 F.2d 714, 721–22 (3d Cir. 1989); *United States v. Brierley*, 414 F.2d 552, 555 (3d Cir. 1969), *cert. denied*, 399 U.S. 912 (1970).

Nevertheless, a federal district court must dismiss a habeas corpus petition if it appears from the face of the petition that the petitioner is not entitled to relief. 28 U.S.C. § 2254 Rule 4 (made applicable through Rule 1(b)); *see also McFarland v. Scott*, 512 U.S. 849, 856 (1994); *Siers v. Ryan*, 773 F.2d 37, 45 (3d Cir. 1985), *cert. denied*, 490 U.S. 1025 (1989).

## IV. ANALYSIS

Section 2241 "confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of his sentence." *Coady v. Vaughn*, 251 F.3d 480, 485 (3d Cir. 2001). A challenge to the validity of a federal conviction or sentence must be brought under 28 U.S.C. § 2255. *See Jackman v. Shartle*, 535 F. App'x 87, 88 (3d Cir. 2013) (per curiam) (citing *Okereke v. United States*, 307 F.3d 117, 120 (3d Cir. 2002)). "[Section] 2255 expressly prohibits a district court from considering a challenge to a prisoner's federal sentence under § 2241 unless the remedy under § 2255 is 'inadequate or ineffective to test the legality of his detention.'" *Snyder v. Dix*, 588 F. App'x 205, 206 (3d Cir. 2015) (quoting 28 U.S.C. § 2255(e)); *see also In re Dorsainvil*, 119 F.3d 245, 249 (3d Cir. 1997).

"A § 2255 motion is inadequate or ineffective only where the petitioner demonstrates that some limitation or procedure

4

would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim." *Cradle v. U.S. ex rel. Miner,* 290 F.3d 536, 538 (3d Cir. 2002) (citations omitted). "Section 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of . . . § 2255." *Id.* at 539 (citations omitted). "It is the inefficacy of the remedy, not the personal inability to use it, that is determinative." *Id.* at 538 (citation omitted); *see also Okereke*, 307 F.3d at 120-21.

Petitioner argues he is actually innocent of his offense and "it would be remiss to disregard Grounds 1-4 supra showing core due process violations merely because it could have been raised earlier on direct appeal/§ 2255 properly." [Docket Entry 3 at 3]. Petitioner is confusing actual innocence as a basis for jurisdiction under § 2241 with the actual innocence defense to procedural default.

Presently in the Third Circuit, prisoners may use § 2241 to challenge their sentences after two conditions are satisfied: (1) there must be "a claim of actual innocence on the theory that [the prisoner] is being detained for conduct that has subsequently been rendered non-criminal . . . in other words, when there is a change in statutory caselaw that applies

5

retroactively in cases on collateral review," and (2) "the prisoner must be 'otherwise barred from challenging the legality of the conviction under § 2255.'" *Bruce v. Warden Lewisburg USP*, 868 F.3d 170, 180 (3d Cir. 2017) (quoting *United States v. Tyler*, 732 F.3d 241, 246 (3d Cir. 2013)). In other words, an actual innocence claim that appropriately forms the basis of a § 2241 petition would be one in which an amendment to a statute made Petitioner's conduct no longer illegal. *See, e.g., In re Dorsainvil*, 119 F.3d 245 (3d Cir. 1997). Petitioner's arguments that his attorney failed to raise certain claims on direct appeal do not fall within this narrow exception. Accordingly, the Court lacks jurisdiction over the petition under § 2241.

Whenever a civil action is filed in a court that lacks jurisdiction, "the court shall, if it is in the interests of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed." 28 U.S.C. § 1631. The Court finds that it is not in the interests of justice to transfer this habeas petition as Petitioner has already filed a § 2255 motion and it does not appear he can meet the requirements of § 2255(h) for filing a second or successive § 2255 motion. Nothing in this opinion, however, should be construed as prohibiting Petitioner from seeking the Fourth Circuit's permission to file on his own

second § 2255 petition pursuant to 28 U.S.C. § 2255(h), should he so choose.

## V.     CONCLUSION

For the reasons stated above, the petition is dismissed for lack of jurisdiction. An accompanying Order will be entered.


| **June 20, 2019** | **s/ Jerome B. Simandle** |
|---|---|
| Date | JEROME B. SIMANDLE |
|  | U.S. District Judge |